IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTILIA SULLIVAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE PRUDENTIAL INSURANCE ) <br> COMPANY OF AMERICA, and PHH ) <br> CORPORATION GROUP EMPLOYEE ) <br> BENEFIT PLAN, ) <br> ) <br> Defendants. ) <br> _____ ) | 2:12-cv-01173-GEB-DAD <br><br> ORDER GRANTING JOINT MOTION TO LODGE ADMINISTRATIVE RECORD UNDER SEAL[*] |

On August 23, 2012, the parties filed a Joint Motion to Lodge the Administrative Record under Seal, arguing "[t]he Administrative Record [in this ERISA action] is replete with confidential personal information, including Plaintiff's financial information, Social Security number, address, birth date, and medical history, which if made public could harm Plaintiff's interests." (Mot. 2:8-10.) The parties further argue "Rule 5.2(a) of the Federal Rules of Civil Procedure requires certain information . . . to be redacted from court filings[, and f]ully redacting the private information from the Administrative Record would be inefficient, impractical, and would place an undue burden on the parties." Id. at 2:11-15.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  "Two standards generally govern motions to seal
2 documents . . . ." <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 677
3 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under [Federal Rule of Civil Procedure ("Rule")] 26(c) will suffice to keep sealed records attached to non-dispositive motions.

<u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006). Although the parties do not address what legal standard governs the motion, Rule 26(c)'s "good cause" standard appears to apply since no dispositive motion is now at issue.

"In the Rule 26(c) context, '[the] party asserting good cause bears the burden, for each particular document it seeks to [have sealed], of showing that specific prejudice or harm will result if no [sealing] order is granted.'" <u>Davis v. Social Serv. Coordinators, Inc.</u>, No. 1:10-cv-02372-LJO-SKO, 2012 WL 2376217, at *1 (E.D. Cal. June 22, 2012)(quoting <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" <u>Id.</u> (quoting <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992)).

The parties' joint representations that the Administrative Record "is replete" with personal, identifying information in violation of Rule 5.2(a), and that redacting such information would be too burdensome, is considered sufficient to justify granting the parties' request under the good cause standard at this stage of the proceeding; review of a small portion of the Administrative Record revealed that the

1 | Administrative Record does contain references to sensitive information.
2 | See A.B., a minor, v. San Francisco Unified School Dist., No. C 07-4738
3 | PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007)(granting the
4 | parties' request to file the administrative record under seal and noting
5 | "administrative record[s]  . . . often contain[] sensitive . . .
6 | information, and often in references too numerous to redact").
7 |     For the stated reasons, the parties' Joint Motion to Lodge the
8 | Administrative Record under Seal is GRANTED.
9 | Dated:  August 28, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3