IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTILIA SULLIVAN,<br><br>             Plaintiff,<br><br>      v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA, and PHH CORPORATION<br>GROUP EMPLOYEE BENEFIT PLAN,<br><br>             Defendants.<br>_____ | 2:12-cv-01173-GEB-DAD<br><br><br>ORDER |

On October 8, 2012, Plaintiff filed a motion for leave to conduct "discovery . . . beyond the Administrative Record" on what Plaintiff argues is a "structural conflict of interest" issue that must be evaluated when determining whether Defendant Prudential Insurance Company of America ("Prudential") abused its discretion in denying Plaintiff's Employee Retirement Income Security Act ("ERISA") claim for long-term disability benefits. (Pl.'s Mot. to Allow Disc. 2:9-10, 2:13-15, ECF No. 17.) Plaintiff argues this conflict exists due to Prudential's "dual role as payor and administrator of [ERISA] benefits." Id. 2:13-15.

1      Prudential counters, *inter alia*, that the motion should be
2 denied because the leave Plaintiff seeks "amount[s] to an improper
3 fishing expedition, and [is] not narrowly tailored to the nature,
4 extent, and effect on decision-making of any alleged conflict."
5 (Prudential's Opp'n 2:19-21, ECF No. 20.)
6      Plaintiff replies that Prudential "inflates the discovery
7 being sought" and knows that on August 2, 2012 Plaintiff propounded
8 "narrowly tailored" interrogatories, production requests, and third-
9 party subpoenas "specifically address[ing] the structural conflict of
10 interest" issue, which are discovery requests "Prudential does . . .
11 bring to the Court's attention." (Pl.'s Reply 2:6-18, ECF No. 22.) Nor
12 did Plaintiff bring the August 2, 2012 discovery requests to the Court's
13 attention before she filed her reply brief.
14      Each party was required to inform the Court about Plaintiff's
15 August 2, 2012 discovery requests in their Joint Status Reports filed on
16 August 6, 2012, and September 4, 2012. Concerning this requirement, the
17 May 2, 2012 Order Setting Status (Pretrial Scheduling) Conference
18 prescribes: "The parties shall file a Joint Status Report . . .
19 set[ting] forth the views of each party on . . . [a]nticipated and
20 outstanding discovery . . . ." (ECF No. 4, ¶6.)  This information could
21 have been helpful in determining the scope of the scheduling order
22 issued in this case.
23      The prescribed obligation for each party to set forth
24 information on anticipated and outstanding discovery was "not
25 whimsically created" and "serve[s] a critical function" of having the
26 parties provide information to the judge which could result in issuance
27 of a scheduling order that avoids expenditure of "ever more scarce
28

2

judicial resources." In re O'Brien, 312 F.3d 1135, 1137 (9th Cir. 2002)(internal quotation marks and citations omitted).

> We are passing through a period in the history of this country when the pressures upon the courts are extremely high. They are so because of the volume of work as more and more people seek to have the courts resolve their disputes and vindicate their rights. But resources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with [representations that convey a false status of an issue] rather than [the true status].

N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997). The discovery portion of the May 2, 2012 Order Setting Status (Pretrial Scheduling) Conference was "not [an] optional suggestion," but was an order "entitled to respect, and command[s] compliance." Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1243 (9th Cir. 1998). "[L]itigants [have a] mutual obligation to collaborate with the district court *ab initio* in fashioning adequate case management and trial procedures, or bear the reasonably foreseeable consequences for their failure to do so. In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997). Here, the parties utterly disregarded that obligation, and that failure has consequences which each party should have foreseen.

Since Plaintiff indicates in her reply brief that she does not seek leave to propound discovery requests other what she propounded on August 2, 2012, she has not shown the necessity of her motion. Therefore, Plaintiff's **motion is denied**.

Further, consideration of Prudential's responses to certain of Plaintiff's discovery requests indicates Plaintiff may be entitled to some of the requested discovery; if so, Prudential should provide Plaintiff with that discovery forthwith.

3

Lastly, to the extent time exists for litigation concerning the discovery requests Plaintiff propounded on August 2, 2012, given the summary judgment briefing and hearing schedule set forth in the September 12, 2012 Status Order, the assigned magistrate will preside over that litigation as prescribed in the applicable local rule.

Dated:  December 10, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge