```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| OTILIA SULLIVAN, | ) | |
| | ) | 2:12-cv-01173-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| THE PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA, and PHH CORPORATION | ) | |
| GROUP EMPLOYEE BENEFIT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending is Plaintiff's motion for summary judgment in which Plaintiff seeks a ruling that the de novo standard of review governs Plaintiff's challenge to Defendants' decision that denied Plaintiff's claim for long-term disability benefits sought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Defendants counter the motion arguing that Plaintiff previously "concede[d]" in her prior motion in connection with a discovery dispute "that the standard of review is abuse of discretion," and she "should not now be permitted to take inconsistent positions." (Opp'n Mot. Summary J. 4:18- 5:3, ECF No. 31.) Although Defendants do not cite authority in support of this argument, Defendants indicate through this

conclusory argument that Plaintiff is estopped from asserting that the abuse of discretion standard of review does not apply to this case, since Plaintiff previously argued that this standard applies. However, this conclusory argument is unpersuasive. See generally LaMantia v. Voluntary Plan Adm'rs, Inc., 401 F.3d 1114, 1119 (9th Cir. 2005) ("Before estoppel can apply, the following conditions must be met: 1) the party to be estopped must be apprised of the facts; 2) the other party must be ignorant of the true state of facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be acted upon; and 3) the other party relied on the conduct to its prejudice." (internal quotation marks omitted)); United States v. Castillo-Basa, 483 F.3d 890, 898 n.5 (9th Cir. 2006) (stating "we are not bound by a party's concession" on a question of law such as "the meaning of a statute"); Regula v. Delta Family-Care Disability Survivorship Plan, 266 F.3d 1130, 1138 (9th Cir. 2001), vacated on other grounds, 123 S. Ct. 2267 (stating courts "are not bound by stipulations as to questions of law," reversing district court for reviewing ERISA claim under the abuse of discretion standard because of "the parties' stipulation as to the appropriate standard of review[,] and remand[ing] to the district court for further proceedings").

Defendants also argue the abuse of discretion standard of review applies since the following text in the Summary Plan Description ("SPD") contained in Plaintiff's insurance booklet unambiguously imbues the Plan Administrator with discretion:

> The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator

2

shall not be overturned unless arbitrary and capricious.

(A.R. 1360[1]; Opp'n 5:22-33.)

Plaintiff counters as follows: "the Supreme Court held that the terms of the SPD could not be used to amend or modify the terms of the plan: . . . '[W]e conclude that [SPDs] . . . provide communication with beneficiaries about the plan, but that their statements do not themselves constitute the terms of the plan . . . .'" (Mot. Summary J. 7:28-8:2, ECF No. 25 (quoting CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1878 (2011)).) Further, Plaintiff argues the following language contained in the SPD also demonstrates that the terms in the SPD do not constitute the terms of the plan: "**The Summary Plan Description is not part of the Group Insurance Certificate**." (Mot. Summary J. 3:24-4:8 (quoting A.R. 1358-59 (emboldening in original)).)[2] According the portion of the plan documents contained in the administrative record that provides general provisions and definitions, to which Plaintiff cites in her brief, (Mot. Summary J. 4:8), the "Group Insurance Certificate" is "a written document prepared by [the plan administrator] which tells [the insured] the coverage to which [the insured] may be entitled; to whom [the plan administrator] will make a payment; and the limitations, exclusions and requirements that apply within a plan." (A.R. 970.)

"[A] denial of benefits challenged under [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for

---

[1] "A.R." refers to the administrative record.

[2] The SPD appears in several places in the administrative record without explanation from the parties. A.R. 579-81, 1003-05, 1358-60. The order refers to pages 1358-60 since those are the pages Defendants cite in their brief.

3

benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "[F]or a plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the plan must unambiguously provide discretion to the administrator." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc). The burden is on "the administrator . . . to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." Kearney v. Std. Ins. Co., 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc).

The Supreme Court held in Amara "summary documents, important as they are, provide communications with beneficiaries about the plan, but . . . their statements do not themselves constitute the terms of the plan for purposes of [ERISA]." Amara, 131 S. Ct. at 1878. The Supreme Court reasoned:

> [W]e find it difficult to reconcile the Solicitor General's interpretation[, that the terms of the SPD are terms of the plan,] with the basic summary plan description objective: clear, simple communication. To make the language of a plan summary legally binding could well lead plan administrators to sacrifice simplicity and comprehensibility in order to describe plan terms in the language of lawyers.

Id. at 1877-78 (emphasis added) (citing ERISA, §§ 2(a), 102(a), 29 U.S.C. §§ 1001(a), 1022(a)).

Defendants contend Amara "merely stands for the proposition that courts cannot [enforce] SPD terms that conflict with other plan documents." (Opp'n 7:18-21.) Defendants further argue, therefore, the standard in this case is abuse of discretion review since "the SPD does not conflict with the Plan because the Plan is silent as to discretionary authority." (Opp'n 9:17-20.)

//

However, Defendants do not point to any language in the plan documents imbuing the administrator with discretion, other than the SPD. Therefore, Defendants have not sustained their burden of showing "the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone</u>, 489 U.S. at 115; <u>accord</u> <u>Durham v. Prudential Ins. Co. of Am.</u>, No. 12-civ.-1890(WHP), 2012 WL 3893604, at *3-4 (S.D.N.Y. Aug. 28, 2012) (analyzing SPD language identical to the language in the SPD in this case, reasoning "the SPD expressly provides that it is <u>not</u> part of the Group Insurance Certificate," and applying de novo review).

For the stated reasons, Plaintiff's motion for summary judgment (ECF No. 25) is granted; therefore, the de novo standard of review governs Plaintiff's challenge to Defendants' decision that denied Plaintiff's claim for long-term disability benefits under ERISA.

Dated:  March 22, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge