UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTILIA SULLIVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA; and PHH CORPORATION GROUP EMPLOYEE BENEFIT PLAN,<br><br>        Defendant. | No. 2:12-cv-01173-TLN-DAD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

    This matter is before the Court pursuant to Plaintiff Otilia Sullivan's ("Plaintiff") Motion for Attorney Fees. (ECF No. 79.) Defendant The Prudential Insurance Company of America ("Defendant") opposes the motion. (ECF No. 81.) Plaintiff has replied. (ECF No. 83.) For the reasons discussed below, the Court hereby DENIES Plaintiff's Motion for Attorney Fees, (ECF No. 79).

///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2012, Plaintiff filed a complaint for benefits under ERISA. (ECF No. 1.) Plaintiff was a participant in an employee welfare benefit plan, sponsored by her then employer, PHH Corporation, ("PHH") and insured by Defendant under a group policy to PHH. (ECF No. 81 at 7; 83 at 2.) Plaintiff sought long-term disability benefits under the plan. (ECF No. 81 at 7.)

On June 13, 2013, Plaintiff filed a Motion for Judgment. (ECF No. 46 at 1.) Defendant argued that even if the Court determined Plaintiff was disabled, "benefits should only be awarded to April 15, 2013, after which time the definition of disability in the Plan changes to require that Plaintiff be 'unable to perform the duties of 'any gainful occupation.'" (ECF No. 48 at 20.) Defendant explained it had "closed Plaintiff's claim under the 'regular occupation' definition of disability, it did not consider (and Plaintiff did not have the opportunity to submit) evidence regarding her ability to perform the duties of any gainful occupation for which she is reasonably fitted by training, education, or experience." (ECF No. 48 at 20.)

On July 15, 2014, the Court entered Findings of Facts and Conclusions of Law, finding Plaintiff was disabled and could not work in her "regular occupation." (ECF No. 59 at 57.) The Court remanded back to Defendant to consider whether Plaintiff was "disabled from working in 'any gainful occupation.'" (ECF Nos. 59 at 57; 68 at 1–2.) The Plan's "any gainful occupation" definition of disability applied after 24 months of benefit payments. (ECF Nos. 59 at 57; 81 at 7.) On October 22, 2014, the Court signed a stipulated Amended Judgment, finding Plaintiff was disabled under the "regular occupation" definition policy, and awarded back benefits and interest. (ECF Nos. 59 at 57; 68 at 1–2.) The Court permitted Plaintiff to file an application for attorneys' fees and costs within 45 days. (ECF No. 68 at 1–2.) On February 12, 2015, the parties filed a Notice of Resolution Regarding Attorneys' Fees and Costs, stating they "reached a resolution regarding the award of attorneys' fees and costs." (ECF Nos. 74 at 2; 81 at 7.)

Plaintiff, with counsel, pursued benefits under the "any gainful occupation" definition on remand. (ECF No. 79-11 at 3.) Plaintiff alleges Defendant decided she was disabled under this definition, then "manufactured reasons" to terminate benefits, and reinstated benefits due to work by Plaintiff's counsel, and Plaintiff now moves for fees for that work. (ECF No. 79-11 at 8–15.)

## II. STANDARD OF LAW

"Under ERISA, the Court may award reasonable attorney fees and costs." *Bergman v. Fed. Express Corp. Long Term Disability Plan*, No. 16-CV-1179-BAS(KSC), 2018 WL 3121210, at *5 (S.D. Cal. June 25, 2018). The Bergman court cited 29 U.S.C. § 1132(g)(1), which states "[T]he court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Id*. The court also quoted *McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1136 (9th Cir. 1996) as stating "an ERISA participant 'is ordinarily entitled to a reasonable attorney's fee if that participant succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing suit.'" *Id*. The court continued, "[I]n determining whether to award fees, a court usually considers various factors outlined in *Hummel v. S.E. Rykoff & Co.* 634 F.2d 446, 453 (9th Cir. 1980)." *Id*. The court noted, however, that "when it is 'evident from the [district court's] order' that an ERISA participant has prevailed, 'it is unnecessary for the [district] court to engage in a discussion of the factors enumerated in *Hummell*.'" *Id*. (quoting *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001)).

## III. ANALYSIS

Plaintiff relies on authority that ERISA allows for payment of attorney fees for a successful litigant, and on general principles of fiduciary duty and conflict of interest. (ECF No. 79-11 at 8–12.) Defendant argues Plaintiff's motion fails to comply with local rules and the federal rules, and she may not receive fees for the administrative process. (ECF No. 81 at 11–12.)

Local Rule 293(a) requires all motions for attorney fees be filed by "28 days after entry of final judgment." Federal Rule of Civil Procedure 54(d)(2)(B)(i) requires motions for attorney fees be filed within 14 days of entry of judgment. Local Rule 293(b) requires the motion include an affidavit showing: (1) "that the moving party was a prevailing party;" (2) "that the moving party is eligible to receive an award of attorneys' fees, and the basis of such eligibility;" (3) "the amount of attorneys' fees sought;" (4) "the information pertaining to each of the criteria set forth in [Local Rule 293](c)"; and (5) "such other matters as are required under the statute under which the fee award is claimed." The criteria to consider include the attorney's time and labor, preclusion from other employment, experience and reputation, and skill required. L.R. 293(c).

Defendant notes that Plaintiff filed the instant motion over two years after the Court received the Acknowledgment of Satisfaction of Judgment and terminated all remaining deadlines and hearings. (ECF No. 81 at 10, 12) (citing ECF No. 76). Defendant adds the issue of benefits under the "regular occupation" definition was litigated and the attorney fees related to that issue were agreed between the parties years ago. (ECF No. 81 at 14.) Defendant argues Plaintiff cannot show she prevailed in litigation on the issue of her benefits under the "any gainful occupation" definition because that issue was not litigated, and Plaintiff received those benefits through the administrative process on remand, so she is not entitled to attorney fees for that work. (ECF No. 81 at 13.) Defendant adds Plaintiff did not address the *Hummell* factors in her 89-page motion, has not provided support for the fees requested, any hourly rate, or any number of hours, but alleges she was forced to convert from an hourly rate to a contingency arrangement, and a contingency arrangement is not a basis for a fee award under ERISA. (ECF No. 81 at 18–20.)

Plaintiff replies that Defendant's argument regarding the timeliness of her motion misses the point, Plaintiff is not applying for fees related to litigating the "regular occupation" issue, but on the issue the Court remanded regarding "any gainful occupation." (ECF No. 83 at 2.) Further, Plaintiff adds that while Defendant did not argue the "any gainful occupation" issue during the litigation, "Plaintiff continuously argued she was unable to perform any occupation." (ECF No. 83 at 2.) Plaintiff argues she spent over a year of the administrative process on that issue, that Defendant "manufactured" reasons for terminating her benefits though her medical condition had not changed since Defendant made its decision regarding those benefits, and Plaintiff incurred "significant fees" working with her counsel to reinstate them. (ECF No. 83 at 3, 8.)

Plaintiff agrees she did not specifically enumerate the *Hummell* factors "[d]ue to space constraints," but says a review of her brief will show that each factor was addressed at some point. (ECF No. 83 at 6.) Regarding the amount of fees, Plaintiff states "[t]he specific amount cannot yet be determined,"[1] that she "simply is requesting a determination by the Court that an award of fees is appropriate," and that the parties can then negotiate. (ECF No. 83 at 7.)

---

[1] Plaintiff states she "seeks attorneys' fees in the amount in excess of $300,000.00 and costs in the amount of $10,000.00." (Dec. of David Allen, ECF No. 79 ¶ 7.)

4

Setting aside failure to comply with the Local Rules and the Federal Rules, Plaintiff has not provided authority supporting her request for "attorney's fees for approval following remand," for work on the administrative exhaustion after remand. Plaintiff cites two cases, arguing both the plaintiffs "initially litigated the right to benefits" and the cases were "remanded for determination of disability under the 'any occupation' standard." (ECF No. 79-11 at 14) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010); and *Day v. AT&T Disability Income Plan*, 2010 WL 11545410 (N.D. Cal. Nov. 29, 2010)). However, neither citation supports the instant motion.

In *Hardt*, the court found the insurer did not consider all the evidence when it determined the plaintiff was not entitled to benefits under the "any occupation" definition, and stated it was inclined to rule in the plaintiff's favor but gave the defendant the opportunity to review the claim considering all the evidence. *Hardt*, 560 U.S. at 256. The court remanded for reconsideration within 30 days or judgment would be entered in the plaintiff's favor, and, after the insurer determined the plaintiff was entitled to benefits, the court awarded the plaintiff fees. *Id*.

Defendant responds by stating, "the fees awarded in *Hardt* were incurred in obtaining the remand order in [c]ourt, not participating in the administrative process following remand." (ECF No. 81 at 16.) Defendant does not provide any citation to the case. Plaintiff replies that the "[f]ees were paid for administrative proceedings following an order of remand." Plaintiff also does not provide any citation to the case. The Supreme Court opinion Plaintiff cites does not explain what services the fee award covered. *See generally*, *Hardt*, 560 U.S. 242, 130 S. Ct. 2149. This Court's research indicates the information would be available in filings and docket entries in the district court case referenced in the Joint Appendix to the Supreme Court case. *Hardt*, 2010 WL 741090 (U.S.), 7a, Joint Appendix referencing Docket 51, Motion for Attorney Fees and Costs by Bridget Hardt; Docket 52, Memorandum in Support of Docket 51; and Docket 56, Order Granting Docket 51 Motion for Attorney Fees. Neither party has cited to or provided these documents, which are not available to this Court. Further, it is not the Court's responsibility to root around the record for support for a party's position. "Judges are not like pigs, hunting for truffles in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The moving party

5

has the burden, and Plaintiff has not cited any order in *Hardt* that supports her contention.

In *Day*, the other case Plaintiff cites, the magistrate judge articulated two rules. "[H]ours spent representing a plan participant in a court-ordered remand proceeding are recoverable." *Day*, 2010 WL 11545410 at *3 (citing *Langston v. North American Asset Development Corp. Group Disability Plan*, 2010 WL 330085 *4 (N.D. Cal. Jan. 20, 2010). "Attorney fees incurred for work done in administrative proceedings that occur while a claimant is exhausting [] administrative remedies are not recoverable." *Id.* at *4 (citing *Cann v. Carpenter's Pension Trust Fund*, 989 F.2d 313, 316–17 (9th Cir. 1993)). The court recommended granting attorney fees for work done on remand on the short-term disability benefits issue, because the plaintiff exhausted his administrative remedies on that issue, then filed suit seeking short term disability benefits, and he showed the defendant had not considered all evidence during the administrative process. *Id.* at *1–*2. The court recommended denying attorney fees for work done relating to the plaintiff's long-term disability ("LTD") application, because the plaintiff's "claim for LTD benefits was not yet ripe because he had not yet exhausted his administrative remedies." *Id.* at *3.

The *Day* court stayed the case because the plaintiff's request that "the court determine whether he was entitled to LTD was improper because he had not yet filed any request for LTD with the Plan Administrator." *Day*, 2010 WL 11545410 at *2. The court stated the stay would "permit [the p]laintiff to proceed through the administrative process with respect to a claim for LTD benefits." *Id.* The magistrate judge reasoned, "[t]he fact the court stayed the case, rather than dismissing the LTD claims for failure to exhaust administrative remedies, should not result in a Plaintiff recovering fees which he would not be entitled to recover if he had properly exhausted his administrative remedies before filing suit for LTD benefits." *Id.* at *3.

This Court, in its Findings of Fact and Conclusions of Law dated July 15, 2014, awarded Plaintiff benefits to April 15, 2013, and granted Defendant's motion to remand for Defendant to determine whether Plaintiff was disabled under the "any gainful occupation" definition in place after that date. (ECF No. 59 at 56–57.) The Court noted "Plaintiff does not address this contention in her briefing." (ECF No. 59 ¶ 43.) The Court added, "[b]ecause the administrator has not had the opportunity to consider whether Plaintiff is disabled under its definition for any

6

gainful occupation, the Court agrees that remand is appropriate." (ECF No. 59 ¶ 43.)

Here, Plaintiff necessarily only exhausted the administrative process and filed suit (on May 1, 2012) in relation to her application for benefits under the "regular occupation" definition in place in the plan prior to April 15, 2013. Plaintiff could not have exhausted the administrative process in relation to the "any gainful occupation" definition of disability that did not apply until a year after she filed her suit. This Court explicitly stated that Defendant had "not had the opportunity" to evaluate Plaintiff's claim under the new definition. (ECF No. 59 at 56.) That finding in the Court's July 15, 2014 Order precludes a finding now that Plaintiff had exhausted the administrative process in relation to the new, "more expansive definition of any gainful occupation" prior to filing her suit.

That the Court granted Defendant's motion to remand back to Defendant, rather than dismissing the "any gainful occupation" claim for failure to exhaust administrative remedies, should not result in a Plaintiff recovering attorney fees for administrative exhaustion she would not have been entitled to recover if performed by before filing suit. *Day*, 2010 WL 11545410 at *3, *accord Day v. AT & T Disability Income Plan*, 608 F. App'x 454, 457–58 (9th Cir. 2015) (finding "[t]he district court did not abuse its discretion in adopting the magistrate judge's November 2010 report and recommendation" and "it was reasonable for the district court to conclude that Day should not recover attorneys' fees expended in pursuit of administrative remedies [for LTD benefits] that he was able to obtain without a court order.").

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Attorney Fees, (ECF No. 79).

IT IS SO ORDERED.

Dated: January 16, 2019

Troy L. Nunley
United States District Judge

7